**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| FUAD KOVAC and SENADA KOVAC ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:05CV01339 ERW |
| ) | |
| FREIGHTLINER, LLC and ) | |
| BJC/HEALTHSOUTH REHABILITATION ) | |
| CENTER, LLC, d/b/a THE ) | |
| REHABILITATION CENTER OF ST. LOUIS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiffs' Motion to Remand [doc. #6].

**I.   BACKGROUND FACTS**

On May 10, 2003, Plaintiff Fuad Kovac ("Plaintiff Kovac"), a citizen of Missouri, was driving a tractor trailer in Alabama when it collided with another vehicle. Plaintiff Kovac's tractor trailer then struck a metal guardrail, causing the cab of the tractor to disintegrate and ejecting him from the cab onto the highway. He suffered serious injuries including amputation of both of his lower extremities. Plaintiff Kovac was initially treated in a Florida hospital, but was later transferred to Defendant BJC/Healthsouth Rehabilitation Center, LLC, d/b/a The Rehabilitation Institute of St. Louis ("Defendant BJC"). Plaintiff Kovac alleges that he suffered additional serious injury following the required amputations, ultimately resulting in decubitus ulcers. On May 5, 2005, Plaintiff Kovac brought suit in the Circuit Court of the City of St. Louis against Defendant Freightliner, LLC ("Defendant Freightliner"), the alleged designer, manufacturer, seller, and distributor of the tractor

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

trailer Plaintiff Kovac was operating, for strict product liability and negligence. Defendant Freightliner is incorporated in Delaware and maintains its principal place of business in Oregon. He also brought a claim against Defendant BJC for medical malpractice for its alleged negligent care in treating his injuries. Defendant BJC is a Missouri limited liability company with its principal place of business in Missouri. Finally, Plaintiff Senada Kovac (collectively, with Plaintiff Kovac, "Plaintiffs"), brought a claim for loss of consortium against both Defendants.

On August 19, 2005, in the Circuit Court of the City of St. Louis, Defendant BJC filed a Motion to Dismiss the claims against it due to Plaintiffs' failure to file a healthcare affidavit in support of the malpractice claim, as required by Missouri law. Five days later, on August 24, 2005, Defendant Freightliner removed this action from the Circuit Court of the City of St. Louis, Missouri, to this Court, contending that this Court has jurisdiction on the basis of 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00.[1] Defendant Freightliner acknowledges that diversity does not exist between Plaintiffs and Defendant BJC, but argues that this is of no consequence because Defendant BJC was fraudulently joined and should be ignored for purposes of determining jurisdiction. On September 23, 2005, Plaintiffs filed the instant Motion to Remand, arguing that this Court lacks jurisdiction. On that same day, Plaintiffs also filed a Motion for Leave to File Healthcare Affidavit, requesting that the Court permit them to file their healthcare affidavit, as required by Missouri law.[2]

---

[1]It appears that the state court did not have an opportunity to decide the pending motion to dismiss before this case was removed.

[2]This Motion was not filed until after the case had been removed from state court to this Court. The Court recognizes that jurisdictional issues must be decided before the Court can rule upon the other pending motions in this case.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## II.     REMOVAL STANDARDS

A civil action brought in a state court may be removed to federal court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Such an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Accordingly, the Court lacks diversity jurisdiction over a removed case where one of the defendants is a citizen of the forum state. 28 U.S.C. § 1441(b); *Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992). Thus, a court must be cognizant of the reality that, "[i]n diversity cases, the federal court's jurisdiction can be subverted by fraudulent joinder of resident defendants to defeat diversity." *Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1069 (8th Cir. 1996).

Fraudulent joinder is defined as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). When a plaintiff has joined a non-diverse party as a defendant, a defendant may avoid remand "only by demonstrating that the non-diverse party was fraudulently joined." *Id.* In determining whether a defendant has been fraudulently joined, the court "should give paramount consideration to the reasonableness of the basis underlying the state claim." *Id.* at 810. "[I]f it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant," fraudulent joinder exists and the federal court should retain jurisdiction over the case. *Id.* (internal quotation marks omitted). On the other hand, "[i]f there is a 'colorable' cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

– then there is no fraudulent joinder." *Id.* In other words, "joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the [non-diverse defendant,] . . . [but,] if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." *Id.* Therefore, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved . . . [, and] the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id.* at 811. "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).[3]

The party who invokes jurisdiction bears the burden of proving that all prerequisites to jurisdiction are satisfied. *See Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969); *Manning v. Wal-Mart Stores E., Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004). Specifically, "[w]hen a party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud. This burden is substantial." *Dorsey v. Sekisui America Corp.*, 79 F.Supp.2d 1089, 1091 (E.D. Mo. 1999) (internal citation omitted). In determining whether the removing party has satisfied its burden, a court looks to the facial allegations of the petition and considers whether there is an arguably reasonable basis for predicting that state law might impose liability on the resident

---

[3]"In deciding the question of fraudulent joinder, the court must keep in mind that the doubtful issues of law and fact in the case are to be tried in the court which has jurisdiction, and are not to be determined in the removal proceedings." *Huffman v. Baldwin*, 82 F.2d 5, 7 (8th Cir. 1936).

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

defendant under the facts alleged. *See Augustine v. Target Corp.*, 259 F.Supp.2d 919, 922 (E.D. Mo. 2003).

## III. DISCUSSION

In its Notice of Removal, Defendant Freightliner states that this case is removable because Plaintiffs have failed to substantiate their claims against Defendant BJC in that they failed to file a required healthcare affidavit. According to Defendant Freightliner, this failure demonstrates that the claims against BJC are not reasonably supported by fact or law and that Defendant BJC was fraudulently joined. Plaintiffs contend that they have stated causes of action against both Defendants and that Defendant Freightliner has failed to demonstrate otherwise.

A review of the Petition reveals that Defendant Freightliner has clearly failed to demonstrate that Plaintiffs' claims against BJC are without basis in fact or law. The Petition alleges that Defendant BJC "was negligent in that it failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of the defendant's profession." Pet. ¶ 19. The Petition goes on to list six specific ways in which Defendant BJC is alleged to have acted in a negligent manner. *See* Pet. ¶ 19(a)-(f). The Petition alleges that, as a direct result of these negligent acts, "[P]laintiff suffered pain, scarring, decubitis ulcers, aggravation of decubitis ulcers, infections and difficulty in rehabilitating his injured and amputated limbs." Pet. ¶ 20. Finally, the Petition states that, "[a]s a direct an proximate result of the acts and conduct of defendants, Plaintiff, Senada Kovac has been deprived of the services, support, society and consortium of her husband, she has provided support and nursing care to him and will in the future do the same." Pet. Count IV ¶ 2. Plaintiffs appear to have stated claims under Missouri law for negligence and loss of consortium, and Defendant Freightliner has not argued otherwise. Instead, Defendant Freightliner argues that

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiffs' alleged failure to comply with Missouri Revised Statute § 538.225[4] indicates that Defendant BJC has been fraudulently joined. In essence, Defendant Freightliner contends that Plaintiffs' claims against Defendant BJC are fraudulent because Plaintiffs failed to file a healthcare affidavit within ninety days of filing their Petition. Specifically, Defendant Freightliner states:

> Although at the time of filing, the face of the Petition indicated a claim against BJC, there was no reasonable basis to sustain a claim against BJC. This was exhibited by plaintiffs' failure to file the necessary healthcare affidavit substantiating their claim. . . . Under Missouri law, failure to file an affidavit of a healthcare professional substantiating a claim for medical malpractice is grounds for dismissal of the claim, and should also provide proof that plaintiffs cannot make out a claim against BJC as plead.

---

[4]The statute, as it read at the time Plaintiffs filed their Petition, stated as follows:
1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or his attorney shall file an affidavit with the court stating that he has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
2. The affidavit shall state the qualifications of such health care providers to offer such opinion.
3. A separate affidavit shall be filed for each defendant named in the petition.
4. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended.
5. If the plaintiff or his attorney fails to file such affidavit the court may, upon motion of any party, dismiss the action against such moving party without prejudice.

Mo. Rev. Stat. § 538.225 (2000). The statute was recently amended in certain respects. Under current law, a plaintiff must file the affidavit within ninety days, and the court may order that such time be extended for good cause shown, but the extension may not exceed an additional ninety days. Mo. Rev. Stat. § 538.225.5 (2005). Further, the statute now states that, "[i]f the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice." *Id.* at § 538.225.6.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Def.'s Mem. in Opp. at 5.

Defendant Freightliner provides no citation to any authority in support of its contention that a failure to file the required affidavit provides "proof" that Plaintiffs cannot make out claims against Defendant BJC or that Defendant BJC has been fraudulently joined. Further, this Court has found no such authority. Indeed, the statute itself contemplates that the affidavit may be filed beyond the statutory ninety-day period if the court, "for good cause shown, orders that such time be extended." Mo. Rev. Stat. 538.225.4 (2000). Defendant Freightliner's argument prematurely presumes that the claims against Defendant BJC will be dismissed and that this anticipated dismissal warrants removal at this time.[5] However, the claims against Defendant BJC have not been dismissed, and it is far from certain that they will be. In fact, the state court has not even had the opportunity to consider whether Plaintiffs will be permitted to file the required healthcare affidavit even though the ninety-day statutory period has expired. Defendant Freightliner itself concedes that "[t]he failure to file a healthcare affidavit in support of a medical malpractice claim is not always a fatal defect." Def.'s Mem. in Opp. at 5. Issues of law and fact are to be determined in the court which has jurisdiction and are not to be decided in the removal proceedings. *See Huffman*, 82 F.2d at 7.

In sum, it is clear that there is an arguably reasonable basis for predicting that Missouri law might impose liability on Defendant BJC under the facts alleged. Thus, Defendant BJC was not

---

[5]Defendant Freightliner argues that Plaintiffs have not established good cause warranting an extension of time to file the required healthcare affidavit. Defendant Freightliner states that [P]laintiffs' request for an extension of time should be denied and their claims against BJC should be dismissed by this Court." Def.'s Mem. in Opp. at 7. Defendant Freightliner appears to believe that this Court has jurisdiction to deny the request for leave to file the healthcare affidavit and to grant Defendant BJC's Motion to Dismiss for Failure to File Healthcare Affidavit. This assumption is in error. As explained herein, the Court lacks jurisdiction over this matter, preventing it from making any rulings pertaining to the other pending motions in this case.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

fraudulently joined. This Court concludes that it lacks subject matter jurisdiction over this action and will therefore remand this case to the state court from which it was removed.[6]

**IV. CONCLUSION**

At this time, Defendant Freightliner has failed to meet its burden of demonstrating that there is no reasonable basis in fact and law to support Plaintiffs' claim against Defendant BJC. Thus, Defendant BJC is a properly joined Defendant. Therefore, this Court lacks subject matter jurisdiction and must remand the case to the state court from which it was removed.[7]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [doc. #6] is **GRANTED**.

An appropriate order of judgment shall accompany this Order.

Dated this 25th day of October, 2005.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[6]Because the Court has concluded that Plaintiffs' Motion to Remand will be granted, the Court need not consider Plaintiffs' alternative argument that the Motion should be granted due to Defendant Freightliner's untimely removal.

[7]For this reason, the Court will not decide Defendants' Motion to Dismiss for Failure to File Healthcare Affidavit [doc. #0], Defendants' Motion for More Definite Statement [doc. #0], and Plaintiffs' Motion for Leave to File Health Care Affidavit [doc. #8]. These should be decided by the court having jurisdiction over this matter, which, in this case, is the Circuit Court for the City of St. Louis.

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com